UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

GILBERT M. MARTINEZ,                    :
                    Plaintiff           :
                                        :
            v.                          :          No. 5:20-cv-1891
                                        :
UNITED STATES OF AMERICA *et al.*,      :
                    Defendants          :

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                      **April 20, 2020**
**United States District Judge**

        This matter comes before the Court by way of a *pro se* Complaint, filed by Plaintiff

Gilbert M. Martinez against the United States of America and four federal district judges. (ECF

No. 2.  Also before the Court are Martinez's Motion to Proceed *In Forma Pauperis* (ECF No. 1),

and "Motion for Preliminary Injunction Relief[.]"  ECF No. 3.   For the following reasons, the

Court grants Martinez leave to proceed *in forma pauperis*, dismisses his Complaint as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and denies the Motion for Preliminary Injunctive

Relief.

## I.      FACTUAL ALLEGATIONS[1]

        Martinez, a *pro se* litigant residing in Reading, Pennsylvania, is a regular litigant in this

District.  Including the present matter, Martinez has initiated ten *pro se* civil actions in this

---

[1]       The facts set forth in this Opinion are taken from the Complaint and the exhibits attached
thereto.  The Court also takes judicial notice of public records from other cases that Martinez has
filed in the federal courts, which underlie his claims in the instant civil action.  *See Buck v.
Hampton Twp.*, 452 F.3d 256, 260 (3d Cir. 2006).

District from 2012 through 2020, none of which have been successful.[2]  He has also

unsuccessfully moved for preliminary injunctive relief in many of those cases.  Martinez's

current Complaint names as Defendants the United States and four federal judges (the "Judicial

Defendants") — the Honorable Edward G. Smith, the Honorable Roslynn Mauskopf (misspelled

"Masukoff" in the caption), the Honorable Jeffrey Schmehl, and the Honorable Paul S. Diamond

— based on how these judges handled his previously-filed civil actions.  As Martinez's prior

cases underlie his claims against these Defendants, the Court will briefly recount the relevant

portions of Martinez's litigation history.

### A.  Litigation Before Judge Diamond

In 2012, Martinez filed a complaint seeking review of a decision of the Commissioner of

Social Security, which was dismissed without prejudice for failure to prosecute by the Honorable

James Knoll Gardner (now deceased).  *See Martinez v. Social Security Administration*, Civ. A.

No. 12-6361 at Order, ECF No. 3 (E.D. Pa. Jan. 7, 2013).  In 2014, Martinez filed a new

complaint for review of a denial of social security benefits for an alleged disability beginning in

August 2011.  Judge Diamond, who was assigned to the new case, found that the Social Security

Administration's decision to deny Martinez benefits was supported by substantial evidence and

therefore entered judgment against Martinez.  *See Martinez v. Colvin*, Civ. A. No. 14-1860, 2016

WL 1039914, at *4 (E.D. Pa. Mar. 16, 2016).  That ruling was affirmed on appeal.  *See Martinez*

*v. Comm'r Soc. Sec.*, 663 F. App'x 191, 194 (3d Cir. 2016) ("Overall, the record reflects that

---

[2]      *See Martinez v. Social Security Administration*, Civ. A. No. 12-6361; *Martinez v. Social Security Administration*, Civ. A. No. 14-1860; *Martinez v. United States of America*, Civ. A. No. 15-6496; *Martinez v. Fudeman*, Civ. A. No. 16-1290; *Martinez v. United States of America*, Civ. A. No. 17-3264; *Martinez v. Bucci*, Civ. A. No. 17-3268; *Martinez v. Berrios*, Civ. A. No. 18-985; *Martinez v. United States*, Civ. A. No. 19-3708; and *Martinez v. Tax Claims Bureau*, Civ. A. No. 19-4087.

there is substantial evidence to support the ALJ's determination that Martinez's physical impairments did not match or equal the criteria for the relevant listed impairments necessary for a finding that Martinez was statutorily disabled.").

### B. Litigation Before Judge Mauskopf

Also in 2012, Martinez filed a civil rights case in the United States District Court for the Eastern District of New York, which was assigned to Judge Mauskopf.  His second amended complaint in that case alleged "violations of 42 U.S.C. § 1983 against twenty-three governmental and private defendants, including state court judges, state prosecutors, private attorneys, utilities, hospitals, and private parties, and [sought] monetary damages and various declaratory judgments." *Martinez v. Queens Cty. Dist. Atty.*, Civ. A. No. 12-6262, 2014 WL 1011054, at \*1 (E.D.N.Y. Mar. 17, 2014).  Among other things, Martinez: (1) claimed that he was unlawfully prosecuted and jailed by a prosecutor in New York who conspired against him; (2) challenged both efforts to remove his son from his custody and related decisions in child-custody cases in Berks County and New York state courts; and (3) alleged that municipal defendants and hospitals located in Berks County improperly shut off power to his home, conspired to deny him government benefits, and would not provide him with certain medications.[3]

Judge Mauskopf rejected Martinez's claims that the defendants participated in a vast conspiracy against him and dismissed his numerous claims for many reasons, including that Martinez had previously "been unsuccessful in his attempt to raise many of the same claims in separate actions" in the Eastern District of New York. *Id.* at \*18.  In a summary order, the Court

---

[3]      Prior pleadings in the case raised similar allegations.  *See Martinez v. Pomodor*, Civ. A. No. 12-6262, 2012 WL 6698733, at \*1 (E.D.N.Y. Dec. 26, 2012) (addressing original complaint).

of Appeals for the Second Circuit affirmed the dismissal of Martinez's case "substantially for the reasons set forth by the district court in its thorough and well-reasoned order dismissing Martinez's complaint in its entirety and denying him leave to amend his complaint."  *Martinez v. Queens Cty. Dist. Atty.*, 596 F. App'x 10, 13 (2d Cir. 2015).

### C.  Litigation Before Judge Smith

After his litigation efforts in New York failed, Martinez filed a complaint in this District attempting to raise civil rights claims allegedly based on a vast conspiracy among several federal judges — including Judge Mauskopf and the Circuit Judges who presided over his appeal — and the Federal Bureau of Investigation ("FBI").  *See Martinez v. United States*, Civ. A. No. 15-6496 (E.D. Pa.).  Judge Smith was assigned to the case and dismissed it for lack of subject matter jurisdiction on the basis that Martinez's claims were too frivolous to invoke federal subject matter jurisdiction.  *Id.* at ECF No. 11 (Order dated Mar. 18, 2016).  Martinez appealed, and the Court of Appeals for the Third Circuit summarily affirmed the dismissal, agreeing "with the District Court that [Martinez's] claims of conspiracy among the defendants [were] 'obviously frivolous.'"  *Martinez v. United States*, 3d Cir. No. 16-1957 (Order dated Jan. 25, 2017).

On the date Judge Smith dismissed Civil Action Number 15-6496, Martinez filed a new case, which was also assigned to Judge Smith.  *See Martinez v. Fudeman*, Civ. A. No. 16-1290 (E.D. Pa.).  After granting Martinez leave to proceed *in forma pauperis*, Judge Smith dismissed certain of Martinez's claims upon screening, including claims barred by absolute judicial immunity, and directed service of other claims primarily related to a dispute with local authorities about termination of municipal water services and citations issued to Martinez related to his property.  *See Martinez v. Fudeman*, Civ. A. No. 16-1290, 2016 WL 11612230, at *1 & n.3 (E.D. Pa. July 6, 2016).  Judge Smith ultimately granted summary judgment to the

defendants on Martinez's remaining claims.[4]  *Martinez v. City of Reading Prop. Maint. Div.*, Civ. A. No. 16-1290, 2017 WL 4347667, at *1 (E.D. Pa. Sept. 29, 2017).  Martinez's appeal of that decision was quashed as untimely, *see Martinez v. Fudeman*, 3d Cir. No. 17-3661 (Order dated Oct. 3, 2018), and his subsequent efforts to reopen the case were unsuccessful.  *See Martinez v. Fudeman*, 763 F. App'x 298, 300 (3d Cir. 2019) (per curiam).

Shortly before Judge Smith's dismissal of Civil Action Number 16-1290, Martinez filed another case in this District which named the Honorable James Bucci as a defendant and alleged that Judge Bucci mishandled a petition Martinez filed for custody of his son in the Berks County Court of Common Pleas.  *See Martinez v. Bucci*, Civ. A. No. 17-3268 (E.D. Pa.).  Martinez alleged that Judge Bucci ruled against him because of an alleged conspiracy with others, including federal officials, related to his prior federal lawsuits.  After granting Martinez leave to

---

[4]     Judge Smith described those claims as follows:

> The *pro se* plaintiff brought this action due to the allegedly unlawful actions by the defendants, a city's property maintenance division and a municipal water authority, in regard to, *inter alia* (1) the water authority's continued acts of terminating municipal water services for his home and charging him fees for a compromised water meter and turning off and on the water, and (2) the property maintenance division condemning his property for not having running water and then issuing non-traffic citations calling for fines because of the lack of running water. Based on these purportedly wrongful acts, the plaintiff expressly asserts federal claims under 42 U.S.C. §§ 1981 and 1983, and state law claims for violations of various provisions of the Pennsylvania Utilities Code. The plaintiff also generally asserts that the defendants conspired among themselves and with a variety of other entities and individuals, including the FBI, to violate his constitutional rights in retaliation for a civil action he brought in the Eastern District of New York.

*Martinez v. City of Reading Prop. Maint. Div.*, Civ. A. No. 16-1290, 2017 WL 4347667, at *1 (E.D. Pa. Sept. 29, 2017).

proceed *in forma pauperis*, Judge Smith dismissed Martinez's case with prejudice because his claims were barred by absolute judicial immunity. *Id.* at ECF No. 2 (Order dated Oct. 5, 2017).

In 2018, Martinez filed his seventh civil action in this district against the mother of one of his children based on allegations that she wrongfully removed the child from his custody and improperly claimed a tax credit he should have received. *Martinez v. Berrios*, Civ. A. No. 18-985 (E.D. Pa.). Judge Smith granted Martinez leave to proceed *in forma pauperis*, dismissed the case upon screening because Martinez failed to assert a plausible basis for a federal claim on the grounds alleged, and gave Martinez leave to file an amended complaint. *Id.* at ECF Nos. 2 & 3. Martinez never filed an amended complaint, and Judge Smith subsequently dismissed the case for failure to prosecute. *Id.* at ECF No. 6.

### D.  Litigation Before Judge Schmehl

In addition to litigating the above-mentioned cases in recent years, Martinez filed a civil action in 2017 naming Judge Smith, the United States, the FBI, and various corporate entities as Defendants, and asserting claims related to his employment, Judge Smith's handling of his prior litigation, and a vast conspiracy against him. *Martinez v. United States of America*, Civ. A. No. 17-3264 (E.D. Pa.). Judge Schmehl, who was assigned to the case, granted Martinez leave to proceed *in forma pauperis*, dismissed the claims against Judge Smith as barred by absolute judicial immunity, and dismissed the claims against the United States and FBI as barred by sovereign immunity. *Id.* at ECF No. 2. When Martinez reasserted those claims in subsequent pleadings, Judge Schmehl again dismissed them on immunity grounds. *Id.* at ECF No. 15.

Judge Schmehl directed service of Martinez's operative pleading on the remaining Defendants, who later moved to dismiss the claims against them. Upon review of those claims, which Judge Schmehl described as "a laundry list of statutory and constitutional violations in

relation to [Martinez's] employment," Judge Schmehl granted the motions and dismissed the case with prejudice.  *See Martinez v. United States*, Civ. A. No. 17-3264, 2018 WL 5313181, at *1 (E.D. Pa. Oct. 26, 2018).  On appeal, the Third Circuit affirmed Judge Schmehl's dismissal of the claims against Judge Smith, the FBI, and the United States, as well as the dismissal of the claims against the Defendants who had been served.  *Martinez v. Eagle Disposal*, 783 F. App'x 206, 211 (3d Cir. 2019) (per curiam).  However, the Third Circuit vacated the dismissal of claims against certain defendants who had not been served so that Martinez could be given an opportunity to respond as to whether he could establish good cause for having failed to serve those defendants.  *Id.*

In August and September of 2019, Martinez filed two new cases that were assigned to Judge Schmehl.  One of those cases asserted claims primarily related to a notification Martinez received from Berks County that his property would be sold without his consent because of a tax delinquency.  *Martinez v. Tax Claims Bureau*, Civ. A. No. 19-4087 (E.D. Pa.).  After granting Martinez leave to proceed *in forma pauperis*, Judge Schmehl dismissed his complaint primarily on *res judicata* grounds because Martinez had unsuccessfully litigated his claims related to his property in state court.  *Martinez v. Tax Claims Bureau*, Civ. A. No. 19-4087, 2019 WL 4447631, at *4 (E.D. Pa. Sept. 17, 2019) ("The Berks County Court of Common Pleas concluded that Martinez's causes of action were meritless or legally insufficient and ultimately dismissed the Common Pleas Action with prejudice. The Commonwealth Court affirmed this ruling on appeal.").  To the extent Martinez raised claims based on termination of his cash assistance benefits due to a recent change in state law, which were not precluded, Judge Schmehl concluded that he failed to state a plausible claim.  *Id.* at *6.  The Third Circuit affirmed the dismissal of all

Martinez's claims. *Martinez v. Tax Claims Bureau*, 796 F. App'x 154, 154 (3d Cir. 2020) (per curiam).

In the other 2019 case, which named the United States, the FBI, and several federal judges as Defendants, including Judge Smith and Judge Mauskopf, Martinez alleged "a broad-based, wide-ranging conspiracy entered into by . . . seven Judges, across multiple district and circuit courts, designed to . . . deprive him of justice by handling his cases in ways that violated his civil rights." *Martinez v. United States*, Civ. A. No. 19-3708, 2020 WL 757877, at *2 (E.D. Pa. Feb. 14, 2020). He also raised allegations against individuals who were not named as defendants and accused the FBI of entering his home, tracking him, and wiretapping him, among other things. *Id.* at *3. Judge Schmehl dismissed the bulk of Martinez's claims as frivolous on grounds that they were barred by absolute immunity and dismissed his remaining claims as factually and legally baseless. *Id.* at *4-*6.

**E. Martinez's Instant Complaint**

Martinez filed the instant civil action approximately two months after Judge Schmehl's recent dismissal of *Martinez v. United States*, Civ. A. No. 19-3708. As noted above, this Complaint again names the United States and several federal judges as Defendants. Martinez indicates that he is suing the Defendants in their individual and official capacities.

Martinez's Complaint follows a similar pattern to that presented in several of his prior cases. His claims against the United States and Judicial Defendants are based on their alleged

> Deprivation of [Martinez's] right to redress under the U.S. Constitution and the due process clause for acts in violation to state court proceedings against state actors, government agencies and others acting under color of state and federal law by depriving [Martinez] of parenting time, custody rights, Social Security benefits through the Social Security Administration, interim cash benefits through the department of welfare, employment rights, Property Tax exemption through the Tax claims Bureau and deceptive wrongful termination of water services. The defendants knowingly and

> purposely deprived [Martinez] the right to redress and injunction [sic] relief in federal
> court for these human rights abuses . . . .

Compl. 2, ECF No. 2.  The Complaint reasserts the allegations underlying Martinez's prior

litigation concerning custody matters in New York and Pennsylvania, a conviction in New York

for a domestic offense, the denial of social security disability and other government benefits, the

termination of water services to his home, and alleged wrongs he claims to have suffered in the

work place.  Martinez alleges that the Defendants violated his rights by dismissing his prior cases

and denying him relief.  Martinez seeks millions of dollars in damages, a declaration that his

rights were violated, and assorted injunctive relief including "[a]n injunction requiring the

defendants to correct all present and past violations" of law, and relief related to the alleged

violations of Martinez's rights asserted in the underlying cases.  *Id.* at 27-28.

## II.      STANDARD OF REVIEW

The Court grants Martinez leave to proceed *in forma pauperis* because it appears that he

is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if, among other things, it is

frivolous or malicious.  A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous

if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).  It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v.

United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged

rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33

(1992).

"A court that considers whether an action is malicious must, in accordance with the

definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at

the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or

harass the defendant." *Deutsch*, 67 F.3d at 1086.  In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).  Because Martinez is proceeding *pro se*, the Court must construe his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

The Court dismisses Martinez's Complaint as legally frivolous.  The basis for Martinez's claims against the named Defendants is, essentially, that he was deprived of his constitutional rights based on how the individual judges, and therefore the federal judiciary, handled cases his previously filed cases in the federal courts.[5]  Accordingly, Martinez is, in essence, asserting

---

[5]      Martinez discusses the conduct and alleged violations of state and federal law committed by additional individuals and entities, but those individuals and entities are not named as defendants.  These allegations relate to the underlying litigation over which the Judicial Defendants presided, and the Court does not understand them to provide independent bases for claims.  However, in the event Martinez intended to independently reassert these claims, they fail because they are barred by claim preclusion, also known as *res judicata*.

*Res judicata*, or claim preclusion, bars claims that were brought or could have been brought in a previous action.  *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).  Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted).  "In determining whether *res judicata* applies, courts do not proceed mechanically, but focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out of the same occurrence in a single suit." *Egli v. Strimel*, 251 F. Supp. 3d 827, 835 (E.D. Pa. 2017) (internal quotations omitted).

Here, it is apparent from Martinez's allegations and the dockets for his prior cases that his claims related to custody proceedings, an offense for which he was convicted in New York, matters related to government benefits and his property, and matters related to his utilities and employment were finally litigated and may not be reasserted here.  The one exception appears to be certain claims related to litigants who were not served in one of the cases before Judge Schmehl, which are still active in the prior litigation and may not be reasserted here.  *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (explaining that a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant," and it is within a district court's power to dismiss or stay a duplicative lawsuit).  Furthermore, reassertion of all the claims in Martinez's prior cases, after

claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S.

388 (1971), which created a limited remedy for violations of constitutional rights by federal

actors.[6]

Regardless of how Martinez's claims are construed, they fail.  "Absent a waiver,

sovereign immunity shields the Federal Government and its agencies from suit."  *F.D.I.C. v.*

*Meyer*, 510 U.S. 471, 475 (1994).  There is no basis for a *Bivens* claim against the United States,

*see id.* at 484-85, nor has Martinez alleged any other basis for a claim against the United States

for which the United States has waived sovereign immunity.  Martinez's claims against the

Judicial Defendants in their official capacities, which are in essence claims against the United

States, fail for the same reasons.  *See, e.g., Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir.

2017) (per curiam) ("To the extent that Brooks is suing the BOP employees in their official

capacities, his claim fails as actions against prison officials in their official capacities are

considered actions against the United States, and *Bivens* claims against the United States are

barred by sovereign immunity, absent an explicit waiver.").  Accordingly, Martinez's claims

against the United Stated and the Judicial Defendants in their official capacities are legally

frivolous and are dismissed with prejudice.

---

they have been repeatedly rejected by the courts, is abusive of the judicial process. *See Brodzki*,
2012 WL 125281, at *1 ("[A] district court may dismiss a complaint as malicious if it is plainly
abusive of the judicial process or merely repeats pending or previously litigated claims.").

[6]     As in his other cases, Martinez provided a laundry list of federal and state statutes that he
believes are at issue in this case.  (*See* ECF No. 2 at 1.)  Most of these statutes appear directed at
the conduct underlying his prior lawsuits that were ruled upon by the Judicial Defendants.  In
any event, none of the cited provisions suggest a non-frivolous basis for a claim against any of
the named Defendants.

Martinez's claims against the Judicial Defendants in their individual capacities also fail. Even assuming *Bivens* applies in this context,[7] Martinez's claims fail because the Judicial Defendants are entitled to absolute judicial immunity.  As has been repeatedly explained to Martinez in several of his prior cases, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Martinez's claims against the Judicial Defendants arise from judicial determinations they made and orders they entered in the course of multiple proceedings in which Martinez was a party, and he has not set forth any facts suggesting that the Judicial Defendants acted in the complete absence of jurisdiction.  Accordingly, the Judicial Defendants are entitled to absolute immunity and these claims are dismissed with prejudice as legally frivolous.  *See Soto v. Sleet*, 458 F. App'x 89, 90 (3d Cir. 2012) (finding that the district court properly dismissed claims by a

---

[7]     *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity"); *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017) (the Supreme Court has only recognized a *Bivens* remedy in a handful of contexts and "has plainly counseled against creating new *Bivens* causes of action").

*pro se* litigant brought against federal district judge as legally frivolous on the basis of judicial immunity where the judge acted in the course of ruling on a motion to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255); *see also Carter v. All District Federal Judges*, 415 F. App'x 363, 364-65 (3d Cir. 2011) (affirming dismissal of *pro se* litigant's claims against "'All District Federal Judges'" – to the extent her claims were "even intelligible" – on the basis that they consisted of merely vague and conclusory accusations and did not include facts to establish that her claims fall within the narrow exceptions to judicial immunity).

In light of the dismissal of all of Martinez's claims, the Court also denies Martinez's "Motion for Preliminary Injunction Relief" because he has not shown a likelihood of success on his claims. *See Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (stating that a party seeking a preliminary injunction must establish: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief").

Finally, Martinez is put on notice that if he files any new lawsuits asserting previously-rejected claims or pursuing new versions of theories previously rejected by another state or federal court, he could be subjected to a prefiling injunction.[8] *See Abdul-Akbar v. Watson*, 901

---

[8]       There is precedent for enjoining litigants who have exhibited abusive filing activity by recasting old claims under the guise of conspiracy theories, suing judges who have rejected those claims on the basis that they are part of the conspiracy, and then suing judges who reject the new version of the claims. *See In re Picozzi*, Civ. A. No. 18-2201, 2018 WL 3393279, at *11 (E.D. Pa. July 12, 2018) (enjoining litigant who "has named as defendants federal judges, state judges, his ex-wife, attorneys, a congressman, family members of his ex-wife, individuals who have allegedly assaulted him, individuals whom he claims are associated with the carpenter's union, individuals with whom he may have fathered children, and individuals associated with other

F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").

IV.     **CONCLUSION**

For the foregoing reasons, the Court grants Martinez leave to proceed *in forma pauperis*, dismisses his Complaint with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and denies his motion for preliminary injunctive relief.  As the Complaint is frivolous and the defects are incurable, Martinez will not be given leave to amend.

An appropriate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

defendants or who may or may not know something about the matters troubling [him]"); *Johnson v. City of Phila.*, Civ. A. No. 15-4651 (E.D. Pa. ECF No. 12, Mar. 3, 2016 Order) (enjoining litigant who alleged vast judicial conspiracy and who, when his cases were dismissed, continued to pursue the same or similar claims, each time adding the most recent judge who determined his claims lacked merit).